# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DANA SYRIA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.; and TRANSWORLD SYSTEMS, INC.,

Defendants.

C17-1139 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion to remand, docket no. 18, in which defendant Transworld Systems, Inc. has joined, docket no. 22, is DEFERRED. The procedural posture of this case seems to be lifted from some diabolical law school or bar exam. The civil procedure quagmire began in August 2015 when plaintiff, acting only individually, commenced an action in King County Superior Court for violations of Washington's Collection Agency Act and Consumer Protection Act. *See* Ex. 1 to Verification of State Court Records ("Verification") (docket no. 5-1). In June 2016, plaintiff amended her pleading to include class allegations. Ex. 73 to Verification (docket no. 8-1). On July 24, 2017, the state court granted plaintiff's motion for class certification, "contingent upon plaintiff's counsel submitting proposed findings of fact and conclusions of law in support of such a ruling." Ex. 239 to Verification (docket no. 14-18). Four days later, on July 28, 2017, apparently before any proposed findings of fact and conclusions of law were proffered or entered, defendant AllianceOne Receivables Management, Inc. ("AllianceOne") removed

MINUTE ORDER - 1

the case.[1] *See* Notice of Removal (docket no. 1). On August 4, 2017, AllianceOne petitioned to the United States Court of Appeals for the Ninth Circuit for permission to appeal from the state court's class certification order. *See* Notice (docket no. 17). The matter remains pending before the Ninth Circuit. The parties have devoted much attention to the question of whether and when the removal clock started to run in this matter, but they have not briefed whether, in light of AllianceOne's petition to the Ninth Circuit, the Court has jurisdiction to decide plaintiff's motion to remand. The Court is not convinced that it can rule on the issue of remand at this time. If the Court were to grant plaintiff's motion to remand, such decision would deprive the Ninth Circuit of jurisdiction to consider AllianceOne's petition for permission to appeal, a result that would be inconsistent with Federal Rule of Civil Procedure 62.1 and the doctrines relating thereto. Moreover, the question of whether AllianceOne's notice of removal was timely filed might well be addressed by the Ninth Circuit in connection with either AllianceOne's petition or any decision on the merits of its appeal from the state court's class certification order. The Court is persuaded that the prudent approach is to defer ruling on plaintiff's motion to remand, as well as on AllianceOne's motion to strike, until the Ninth Circuit resolves the issues before it.[2]

(2) This case is STAYED pending further order of the Court.

(3) The parties are DIRECTED to file a Joint Status Report within fourteen (14) days after the Ninth Circuit rules on AllianceOne's petition for permission to appeal or by June 29, 2018, whichever occurs earlier.

---

[1] In her motion to remand, plaintiff contends that the 30-day period for removing this matter, *see* 28 U.S.C. § 1446(b), began running on either December 19, 2016, when AllianceOne responded to plaintiff's fourth set of requests for production, or January 23, 2017, when plaintiff served answers to AllianceOne's first set of interrogatories. In her reply, plaintiff appears to argue that the 30-day removal period might also have commenced on February 16, 2017, the date of a declaration submitted by plaintiff's counsel in opposition to AllianceOne's motion for summary judgment, which was subsequently denied. *See* Ex. 168 to Verification (docket no. 11-23); Anderson Decl., Ex. 2 to Berger Decl. (docket no. 30-2). AllianceOne has filed a motion to strike, docket no. 31, plaintiff's reliance on the February 2017 declaration because it was raised for the first time in a reply brief.

[2] The Court also declines to approve the stipulation and proposed order, docket no. 33, to sever the claims involving Transworld Systems, Inc. ("Transworld") and remand them to state court. If plaintiff and Transworld are unsuccessful in perfecting a class-wide settlement, and the claims against AllianceOne remain in this district, then cases involving essentially the same nucleus of facts will be proceeding in two different forums and might lead to inconsistent results. Plaintiff and Transworld have not articulated any reason why they cannot wait until after the Ninth Circuit issues its decision to initiate the process of seeking approval of a class settlement either in this Court, if appropriate, or in King County Superior Court.

MINUTE ORDER - 2

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 10th day of October, 2017.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3