Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANA SYRIA,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEONE RECEIVABLES MANAGEMENT INC., ET AL.,<br><br>Defendants. | No. 2:17-01139-TSZ<br><br>JOINT MOTION FOR RECONSIDERATION OF ORDER DENYING STIPULATION AND ORDER TO SEVER AND REMAND CLAIMS |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Dana Syria and Defendant Transworld Systems Inc. ("TSI") jointly request this Court to reconsider its Minute Order entered on October 20, 2017 (Dkt. #35) declining to approve their Stipulation and Order for Severance and Remand of Plaintiff's Claims against TSI (Dkt. #33). The Court's denial of that stipulation causes hardship to the class of debtors and to TSI by delaying for months or years judicial approval of the settlement entered into by the parties. Severance and remand of those claims would not risk inconsistent results because Plaintiff's claims against TSI and AllianceOne Receivables Management, Inc.

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 1
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

("AllianceOne") do not arise out of a common nucleus of facts; rather they arise out of completely different transactions and present distinct and independent questions of law and fact. For these reasons, Plaintiff and TSI respectfully request reconsideration.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dana Syria incurred legal financial obligations ("LFOs") in the form of fines, fees, and court costs arising out of a plea agreement to a misdemeanor charge in King County District Court ("KCDC") on July 22, 2010. First Amended Complaint ("FAC), ¶ 3.3 (Dkt. #8-1). In November 2011, the court referred her account for collection by AllianceOne, which then held the contract with KCDC for collection of debts to the court. *Id.,* ¶ 3.4. Plaintiff made a series of four payments of $185 each to AllianceOne by credit card. For each payment, AllianceOne charged a $10 credit card transaction fee, paid KCDC $149.45 towards the principal of Plaintiff's LFO debt, and kept the remainder as a collection fee. *Id*., ¶ 3.5. Plaintiff also made credit card payments to AllianceOne for LFO accounts with other Washington courts, and was charged a transaction fee of $5 to $10 for each such payment. *Id*., ¶ 3.6.

KCDC subsequently signed a new contract replacing AllianceOne with TSI[2] as the court's collection agent, and in October 2012 transferred Plaintiff's account to TSI for collection. *Id*., ¶ 3.7. The principal amount assigned to TSI for collection was $972.70, which was the amount remaining after the payments collected by AllianceOne. Unbeknownst to

---

[1] As noted in the Stipulation and other pleadings, AllianceOne also does not oppose severance and remand of Plaintiff's claims against TSI.

[2] TSI's predecessor in interest, NCO Financial Systems, Inc. ("NCO"), entered into the contract with KCDC, which was assigned from NCO to TSI with the consent of KCDC. References herein to TSI prior to November 1, 2014 relate to NCO.

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 2
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Plaintiff, TSI allegedly began calculating interest on her account on a compounding, rather than simple basis. *Id*., ¶ 3.9. In addition, TSI allegedly calculated its collection fee on the basis of a percentage of principal plus accrued interest, even though its contract with the county required it to calculate its collection fee as a percentage of principal alone. *Id*., ¶ 3.10.

Plaintiff sued AllianceOne and TSI in King County Superior Court in August 2015 alleging that they each collected or attempted to collect interest and collection fees without lawful authorization. After conducting discovery, including CR 30(b)(6) depositions of AllianceOne and TSI, Plaintiff determined that AllianceOne and TSI had engaged in certain allegedly unlawful practices on a broad and consistent basis. Specifically, Plaintiff determined that AllianceOne charged an additional transaction fee whenever LFO debtors to any Washington court paid by credit or debit card. Plaintiff also determined that TSI had compounded interest on all KCDC accounts, and had calculated its collection fee on the basis of principal plus accumulated interest on all accounts transferred by KCDC from AllianceOne. Plaintiff therefore filed a First Amended Complaint in June 2016 refining her claims against AllianceOne and TSI and asserting those claims on class-wide bases.

Discovery and motions practice continued in the case, including unsuccessful dispositive motions by Defendants and Plaintiff's motion for class certification that was granted by the Superior Court on July 24, 2017. In the meantime, Plaintiff and TSI entered into a proposed class-wide settlement pursuant to King County Superior Court Civil Rule 2A on July 21, 2017. That settlement includes both monetary relief for class members who have paid their accounts in full and equitable relief for individuals with outstanding accounts in the form of recalculation of interest and collection fees and $1.25 million in additional credits to

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 3
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

collection fees.[3]

Defendant AllianceOne removed the case to this Court on July 28, 2017, and petitioned the Ninth Circuit for review of the state court's class certification order pursuant to Fed. R. Civ. P. 23(f) on August 4, 2017. Plaintiff promptly moved this Court for remand pursuant to 28 U.S.C. § 1447(c), arguing that AllianceOne's Notice of Removal was untimely, and also filed a response to AllianceOne's Rule 23(f) petition arguing, *inter alia*, that the Court lacked jurisdiction due to AllianceOne's untimely removal, that the Court should defer action until this Court ruled on Plaintiff's pending motion for remand, and that review of the state court order was not authorized by Rule 23(f) and would violate the *Rooker-Feldman* doctrine. Plaintiff and TSI then filed a stipulation to sever and remand the claims against TSI, which AllianceOne did not oppose, on September 20, 2017, so that the state court can review and approve the proposed class-wide settlement.

On October 10, 2017, this Court entered a Minute Order deferring consideration of Plaintiff's Motion to Remand and declining to approve Plaintiff's and TSI's stipulation to sever and remand. With respect to the latter decision, the Court stated, "Plaintiff and [TSI] have not articulated any reason why they cannot wait until after the Ninth Circuit issues its decision to initiate the process of seeking approval of a class settlement…," and reasoned that if the settlement is not perfected, "then cases involving essentially the same nucleus of facts will be proceeding in two different forums and might lead to inconsistent results."

---

[3] CR 2A is a provision of the Washington Civil Rules that allows the parties to enter into binding stipulations and agreements. Settlement agreements executed under CR 2A are enforceable and commonly used to confirm the fact and material terms of settlement at mediation and otherwise, even if the parties anticipate drafting a more formal, detailed settlement agreement. *See Morris v. Maks*, 850 P.2d 1357 (Wash. App. 1993) (sustaining enforceability of CR 2A settlement agreements).

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 4
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

## III. DISCUSSION

### A. Delay In Judicial Approval Of The Proposed Settlement Will Cause Substantial Prejudice To Both The Plaintiff Class And TSI.

In response to the Court's Minute Order, Plaintiff and TSI articulate here the prejudice that would be caused to both parties by a delay in judicial review and approval of the proposed settlement. Such delay would last at least many months, while the Ninth Circuit considers disposition of AllianceOne's petition for review, and could last for years if the Ninth Circuit accepts review.

These delays would substantially harm the Plaintiff class of LFO debtors in several ways.

First, almost by definition, the Plaintiff class consists primarily of economically disadvantaged or indigent individuals who could not afford to pay their LFO debts to KCDC on a timely basis. For those individuals who nonetheless have paid their LFO debts in full, the settlement provides for monetary relief to compensate them for alleged overpayments of interest and collection fees caused by TSI's actions. Any compensation paid to these individuals would have an outsized benefit given their modest financial means, and delaying compensation to them is not only unjust and unnecessary, it would likewise have a larger negative impact on their financial circumstances than would be the case with a class of more affluent individuals.

Second, the CR 2A agreement calls for a set settlement fund of $1.7 million, which will not be increased by the passage of time. In other words, the Plaintiff class cannot and will not get additional monetary relief for a delay in payment. The size of the fund was negotiated in light of the amounts paid and owing by class members at the time the

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 5
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

settlement was reached and in anticipation of the likely timeline for court approval. Because the CR 2A agreement is enforceable, Plaintiff cannot go back and negotiate for a larger fund to compensate for further delays in payment or an increase in the size of the monetary relief class during the delay caused by AllianceOne's improvident removal and petition for Ninth Circuit review.

Third, by its nature, the class also is composed largely of individuals who are likely to be more transient than other populations. The passage of time will make it more difficult to locate current and accurate addresses for such class members, diminishing the likelihood that they will receive notice of or payments under the settlement.

Finally, in addition to monetary compensation, the settlement agreement requires TSI to recalculate interest and collection fees for open accounts, and to grant an additional $1.25 million in credits to collection fees owed by class members on open accounts. Delay in approval of the settlement means that class members still paying on their LFO debts may not receive the full benefits of these equitable adjustments, as they continue paying on their allegedly inflated debts before all of these adjustments and credits are approved and implemented.

TSI also is prejudiced by delay in judicial review and approval of the proposed settlement. A part of TSI's business consists of contracts for collections with governmental agencies, acquired through bids or requests for proposal. The continued pendency of a class action lawsuit arising out of its contract with KCDC is prejudicial to TSI in its attempts to maintain its working relationship with KCDC.

Moreover, TSI has already began implementing some of the terms of the settlement,

JOINT MOTION FOR RECONSIDERATION OF ORDER DENYING STIPULATION AND ORDER TO SEVER AND REMAND CLAIMS– 6
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

anticipating that the settlement would be timely approved. Reversing the steps TSI has already undertaken to effectuate the terms of the settlement, as may become necessary if there is a lengthy delay, will cause an unnecessary expenditure of time and resources.

Finally, the current contract with KCDC will expire on or about October 31, 2017, and it can be terminated upon 10 days' notice. Though TSI is hopeful that its contractual relationship to collect the LFOs will continue, a delay in the approval of the settlement for months or years could jeopardize the entire settlement if these accounts are recalled by KCDC.

### B. Plaintiff's Claims Against AllianceOne And TSI Do Not Arise From A Common Nucleus Of Facts And Severance Does Not Risk Inconsistent Results Even Should The Settlement Fail.

As set forth in the Factual Background above, Plaintiff's claims against AllianceOne and TSI arise out of completely separate transactions and are factually and legally distinct. Therefore, even if the settlement between Plaintiff and TSI does not receive final judicial approval by the King County Superior Court (which is highly unlikely), there is no risk of inconsistent results from severance of Plaintiff's claims against TSI and AllianceOne.

The only common thread between Plaintiff's claims against TSI and AllianceOne is that both collection agencies were seeking to collect on Plaintiff's LFO debt to KCDC. However, each Defendant was collecting on this debt at *different* times, under *different* contracts with KCDC, imposed *different* charges and fees, and actually received money from Plaintiff in *different* transactions. Moreover, AllianceOne also collected money (including the challenged credit card transaction fees) from Plaintiff on accounts from other Washington courts. Thus, even the classes requested by Plaintiff and certified by the Superior Court

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 7
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

against AllianceOne and TSI are different and distinct:

1. All persons who paid Defendant AllianceOne a transaction fee for use of a credit or debit card (whether termed a convenience fee, a processing fee, or otherwise) to pay down an alleged debt placed by a Washington court from June 13, 2012 to the present; and

2. All persons who had an account placed by KCDC with Defendant TSI and who made a payment on such account (of any amount) where TSI assessed interest on a compounding basis and/or assessed collection fees based on a percentage of the principal balance allegedly owing plus interest from June 13, 2012 to the present.

*See* Dkt. #10-17 at 6 (Plaintiff's Motion for Class Certification).

Plaintiff's claims against AllianceOne and TSI arise from distinct transactions and rest on different factual bases. With respect to AllianceOne, her claims arise from the transactions in which she paid AllianceOne by credit card and AllianceOne charged her an additional $5 to $10 transaction fee for that right. There is no dispute that these fees exceed the additional processing costs that AllianceOne incurred in accepting such payments. Plaintiff alleges these additional transaction fees were impermissible because they were not authorized by the district court when imposing LFOs and also because they exceed the permissible amounts under RCW 3.02.045(5) and RCW 36.29.190, which limit district courts and counties to passing along only the actual transaction costs for accepting credit card payments.[4] For its part, AllianceOne argues that the transaction fees are reasonable, provide a convenience to the debtors, and are agreed to by the debtors when paying by credit card on-line or telephonically.

---

[4] RCW 3.02.045(5) provides, in relevant part, that courts of limited jurisdiction "*may assess as court costs the moneys paid* for remuneration for services or charges paid to collecting attorneys, or, *in the case of credit cards, to financial institutions*." (Emphasis added). RCW 36.29.190(4)(c) provides that the transaction processing costs imposed by counties "may not exceed the additional direct costs incurred by the county to accept a specific form of electronic payment utilized by the payer."

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 8
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

By contrast, Plaintiff's claims against TSI have nothing to do with transaction fees. Rather, Plaintiff asserts that TSI violated Washington law by charging compounding, rather than simple, interest, and violated its contract with KCDC by including accrued interest in calculating its percentage collection fee. Plaintiff claims that she and other class members were harmed by TSI when it allocated too much of their payments to interest and collection fees, as opposed to principal, as a result of the compounding and the miscalculation of the collection fee. TSI's calculation of interest and collection fees was invisible to debtors, and TSI's defenses to the compounding interest and collection fee claims are not similar to AllianceOne's claim that debtors agreed to the convenience fee charges.

Thus, there is no risk of inconsistent results even if the King County Superior Court were to deny approval of the proposed settlement and further litigation of the claims against TSI were to proceed in that forum. For example, rulings on whether AllianceOne had the right under law or contract to charge additional credit card transaction fees, or whether it could charge fees beyond the actual additional processing costs, would have no bearing on the claims brought against TSI based on the compounding of interest or calculation of its collection fee. Similarly, rulings on whether TSI could compound interest under Washington law, or what *its* contract with KCDC permitted in calculating its percentage collection fee, would have no bearing on the lawfulness of AllianceOne's assessment of credit card transaction fees. For these reasons, and because Plaintiff's claims arise out of distinct payment transactions to the two collection agencies, there is no risk of inconsistent obligations being imposed on AllianceOne or TSI, even if one should ultimately be held liable and the other not.

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 9
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Finally, it is worth noting that there is little likelihood that the proposed settlement will not receive judicial approval. It was entered into only after sustained negotiations and the assistance of an experienced, retired Seattle judge as the mediator. Although class settlements must be subjected to careful judicial review to protect the interests of the class, both the Ninth Circuit and the Washington courts have emphasized the limited scope of that scrutiny. Review of a proposed settlement "is a delicate, albeit largely unintrusive, inquiry by the trial court." *Pickett v. Holland America Line-Westours, Inc.*, 35 P.3d 351, 356 (2001) (citing *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982)).

> [T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit, must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.

*Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983). The general principles favoring settlement of disputed claims apply to class actions. "[I]t must not be overlooked that voluntary conciliation and settlement are the preferred means of dispute resolution." *Id.* (quoted in *Pickett*, 35 P.3d at 357). The strong likelihood that the settlement in this case will be approved further diminishes any concern with the risk of inconsistent results and argues for severance and remand so that the settlement may be implemented to the benefit of the parties without further delay.

## IV. CONCLUSION

As discussed above, delay in judicial review of the proposed settlement imposes real harm on the Plaintiff class and TSI. Even if the settlement fails and the claims against TSI were to proceed in a different forum than the claims against AllianceOne, there is no risk of

JOINT MOTION FOR RECONSIDERATION OF ORDER
DENYING STIPULATION AND ORDER TO SEVER
AND REMAND CLAIMS– 10
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

inconsistent results or obligations. Therefore, Plaintiff and TSI respectfully request that the Court reconsider its rejection of their stipulated motion and grant their request to sever the claims against TSI and remand those claims to state court.

DATED this 24th day of October, 2017.

| | |
|---|---|
| SESSIONS, FISHMAN, NATHAN & ISRAEL, LLP | SCHROETER GOLDMARK & BENDER |
| ____s/ Damian P. Richard_____<br>Damian P. Richard, WSBA #47837<br>1545 Hotel Circle South, Suite 150<br>San Diego, CA 92108<br>Phone: (619) 758-1891 | _____s/ Adam J. Berger_____<br>Lindsay L. Halm, WSBA #37141<br>Adam J. Berger, WSBA #20714<br>810 Third Avenue, Suite 500<br>Seattle, WA 98104<br>Phone: (206) 622-8000 |
| CORR CRONIN MICHELSON BAUMGARDNER FOGG & MOORE LLP<br>Seann Colgan, WSBA #38769<br>Emily Harris, WSBA #35763<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98101<br>Phone: (206) 625-8600 | ANDERSON \| SANTIAGO<br>T. Tyler Santiago, WSBA #46004<br>Jason D. Anderson, WSBA #38014<br>787 Maynard Avenue South<br>Seattle, WA 98104<br>Phone: (206) 395-2665 |
| *Attorneys for Defendant Transworld Systems Inc.* | *Attorneys for Plaintiff* |

JOINT MOTION FOR RECONSIDERATION OF ORDER DENYING STIPULATION AND ORDER TO SEVER AND REMAND CLAIMS– 11
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jason D. Anderson<br>T. Tyler Santiago<br>Anderson \| Santiago<br>787 Maynard Avenue South<br>Seattle, WA 98104<br><br>Co-Counsel for Plaintiff | Emily Harris<br>Seann Colgan<br>Mallory Satre<br>Corr Cronin Michelson Baumgardner etc.<br>1001 Fourth Avenue, Suite 3900<br>Seattle, WA 98154<br><br>Counsel for Defendants Transworld Systems, Inc. and EGS Financial Care, Inc. |
| Marc Rosenberg<br>Lee Smart, P.S., Inc.<br>701 Pike Street, Suite 1800<br>Seattle, WA 98101<br><br>Counsel for Defendant<br>AllianceOne Receivables Management, Inc. | Damian Richard<br>Sessions, Fishman, Nathan & Israel, LLP<br>1545 Hotel Circle South, Suite 150<br>San Diego, CA 92108<br><br>Co-Counsel for Defendants Transworld Systems, Inc. and EGS Financial Care, Inc. |

DATED at Seattle, Washington this 24th day of day of October, 2017.

*s/ Adam J. Berger*
ADAM J. BERGER, WSBA #20714

JOINT MOTION FOR RECONSIDERATION OF ORDER DENYING STIPULATION AND ORDER TO SEVER AND REMAND CLAIMS– 12
(2:17-01139-TSZ)
629092.docx

SCHROETER GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305