# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

DANA SYRIA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.; and TRANSWORLD SYSTEMS INC.,

Defendants.

C17-1139 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The United States Court of Appeals for the Ninth Circuit having denied the petition for permission to appeal submitted by defendant AllianceOne Receivables Management, Inc. ("AllianceOne"), *see* Order (docket no. 40), and more than fourteen (14) days having since elapsed, the Court hereby LIFTS the stay of this matter that was imposed by the Minute Order entered October 10, 2017, docket no. 35.

(2) Plaintiff's motion to remand, docket no. 18, is DENIED. No dispute exists that the original complaint filed in August 2015 in King County Superior Court, docket no. 5-1, contained no class allegations or basis for jurisdiction under the Class Action Fairness Act ("CAFA"), and thus, did not start the 30-day clock for removal. *See* 28 U.S.C. § 1446(b)(1). The issue before the Court is what, if anything, triggered the 30-day period for removal under 28 U.S.C. § 1446(b)(3), which indicates that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff filed an amended complaint asserting class allegations on June 13, 2016, but did not plead a specific amount of

MINUTE ORDER - 1

damages sought.  *See* 1st Am. Compl. (docket nos. 1-1 & 8-1).  No contention has been made that the deadline for removal was 30 days after the amended complaint was filed.  Instead, plaintiff asserts that the 30-day timer began running on either December 19, 2016, when AllianceOne responded to plaintiff's fourth set of requests for production, or January 23, 2017, when plaintiff served answers to AllianceOne's first set of requests for admissions, interrogatories, and requests for production.[1]  Plaintiff's argument lacks merit.  AllianceOne's discovery responses do not constitute an amended pleading, motion, order, or other paper that was *received* by, rather than served by, AllianceOne, *see* 28 U.S.C. § 1446(b)(3), and plaintiff's answers to AllianceOne's first set of discovery requests, Ex. 4 to Notice of Removal (docket no. 1-1), outline only the damages that plaintiff individually seeks, and not the amount pursued on behalf of the class.  *Cf. Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (concluding that case became removable under CAFA only after the plaintiff specified in answers to the defendant's interrogatories that the total amount in controversy exceeded $25 million).  In her reply, plaintiff contends that the 30-day clock might also have commenced on February 16, 2017, when plaintiff's counsel submitted a declaration, docket nos. 11-2 & 30-2, in opposition to AllianceOne's unsuccessful motion for summary judgment.  AllianceOne's motion to strike, docket no. 31, plaintiff's reliance on the February 2017

---

[1] Plaintiff takes issue with AllianceOne's theory that the 30-day clock for removal was never triggered, arguing that AllianceOne could have itself ascertained the amount in controversy and removed the action earlier than July 28, 2017.  Plaintiff cites no case, however, to support the proposition that a defendant's own investigation and/or calculation starts the 30-day removal period.  As explained by the Ninth Circuit:

> [D]efendants may sometimes be able to delay filing a notice of removal until it is strategically advantageous to do so.  In a non-CAFA diversity case, the advantage gained through such gamesmanship is limited by the fact that a notice of removal must be filed, in any event, within one year of the commencement of the action.  However, in a CAFA case, there is no such time limit.  A CAFA case may be removed at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered. . . . [P]laintiffs are in a position to protect themselves.  If plaintiffs think that their action may be removable and think, further, that the defendant might delay filing a notice of removal until a strategically advantageous moment, they need only provide to the defendant a document from which removability may be ascertained.  Such a document will trigger the thirty-day removal period, during which defendant must either file a notice of removal or lose the right to remove.

*Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013) (citations omitted); *see Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time"); *see also Goodman v. Wells Fargo Bank*, 602 Fed. App'x 681 (9th Cir. 2015) (vacating district court's order remanding action to state court).

declaration is GRANTED because the argument was improperly raised for the first time in a reply brief. Moreover, the amount set forth in the February 2017 declaration was merely $3,342,806, Anderson Decl. at ¶ 7 (docket nos. 11-2 & 30-2), which is less than the jurisdictional amount of $5,000,000, <u>see</u> 28 U.S.C. § 1332(d)(2).[2]

(3)     Plaintiff's and defendant Transworld Systems Inc.'s motion, docket no. 36, for reconsideration is DENIED as moot. The stay of this matter having been lifted, plaintiff and Transworld Systems Inc. may pursue in this forum preliminary approval of, and other steps toward perfecting, their class-wide settlement.

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 13th day of December, 2017.

William M. McCool<br>
Clerk<br>
<br>
s/Karen Dews<br>
Deputy Clerk

---

[2] Plaintiff's reliance on <u>Garcia v. Wal-Mart Stores Inc.</u>, 207 F. Supp. 3d 1114 (C.D. Cal. 2016), is misplaced. In <u>Garcia</u>, the district court granted the plaintiffs' motion to remand because the defendant failed to show by a preponderance of the evidence that the amount in controversy met the CAFA threshold. <u>Id.</u> at 1120-26. Plaintiff does not argue that AllianceOne has similarly failed to establish the requisite amount in controversy. The <u>Garcia</u> Court's discussion about the untimeliness of the defendant's removal was merely dicta, <u>see id.</u> at 1126, and the Court declines to adopt its reasoning.

MINUTE ORDER - 3