UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANA SYRIA,

        Plaintiff,

v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC., et al.,

        Defendants.

C17-1139 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant AllianceOne Receivables Management, Inc.'s Motion for Summary Judgment, docket no. 69, is GRANTED in part, STRICKEN in part, and DEFERRED in part as follows:

    (a) Plaintiff's claim for remedies under RCW 19.86.140 is hereby DISMISSED based on plaintiff's withdrawal of the claim. *See* Opposition at 2 (docket no. 71).

    (b) Defendant's evidentiary objections contained in its Reply, docket no. 75, are STRICKEN. The Court will consider only admissible evidence in deciding defendant's motion for summary judgment.

    (c) Defendant's request to strike notice of "supplemental authority" filed by plaintiff, docket no. 77, is GRANTED. The draft meeting minutes submitted by plaintiff will not be considered by the Court in connection with the motion for summary judgment.

    (d) The motion is otherwise DEFERRED.

MINUTE ORDER - 1

(2) The Court SETS oral argument on the following motions for Thursday, August 2, 2018, at 9:00 AM: Defendant AllianceOne Receivables Management, Inc.'s Motion to Bifurcate and Stay Class Claims, docket no. 55; Defendant AllianceOne Receivables Management, Inc.'s Motion for Summary Judgment, docket no. 69; and Plaintiff's Motion to Certify Questions of State Law to the Washington Supreme Court Pursuant to RCW Chapter 2.60, docket no. 79.

(3) Although the King County Superior Court previously certified a class in this case (based on plaintiff's motion in state court, docket no. 11-13), the court's ruling was contingent upon plaintiff's counsel submitting proposed findings of fact and conclusions of law pursuant to CR23. Order dated July 24, 2017, docket 14-18 at 2. Because this case was then removed, plaintiff's counsel never submitted and the King County Superior Court never entered findings and conclusions and explained its ruling. Thus, that court failed to make any record as to the factors supporting a class action or the manner in which it weighed the benefits of a class action suit. Although the state court might have had a tenable basis for a class action ruling, the record is insufficient to determine the previous ruling. *See Miller v. Farmer Bros. Co.*, 115 Wn. App. 815 (2003); *see also Washington Educ. Ass'n v. Shelton Sch. Dist. 309*, 93 Wn.2d 783, 793 (1980) (trial court's certification without appropriate considerations and reference to the criteria of CR23 was a basis to overturn class certification). As a result, this Court will not enter findings or conclusions on the previous state court ruling. Rather, the Court treats Defendant AllianceOne Receivables Management, Inc.'s Motion to Decertify Class, docket no. 53, and plaintiff's opposition, as a new Motion to Certify Class. The Court will consider each pleading filed in state court relating to the motion to certify, as well as each pleading filed in connection with the motion to decertify, in connection with deciding whether a class should be certified.

(4) The Court also sets oral argument on the new Motion to Certify Class (see paragraph 3 of this Minute Order) for Thursday, August 2, 2018, at 9:00 AM.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 20th day of June, 2018.

                                                William M. McCool
                                                Clerk

                                                s/Karen Dews
                                                Deputy Clerk