UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANA SYRIA, individually and on
behalf of all others similarly situated,

        Plaintiff,

   v.

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.; and
TRANSWORLD SYSTEMS INC.,

        Defendants.

C17-1139 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motion for preliminary approval of a class action settlement, docket no. 82, concerning the claims alleged in this matter against defendant Transworld Systems Inc. ("TSI"), is DENIED without prejudice. The parties propose to certify two classes, namely (i) a "paid in full" class under Federal Rule of Civil Procedure 23(b)(3); and (ii) a "no pay or partial pay" class under Federal Rule of Civil Procedure 23(b)(2). With respect to the "paid in full" class, the parties propose to provide notice only via postcard, and to require class members to "opt in" to receive a share of the settlement proceeds. With regard to the "no pay or partial pay" class, the parties propose to provide no notice of the settlement to class members.

    (a) <u>"Paid In Full" Class</u>: The parties have indicated that approximately (i) 13,212 class members have paid their King County District Court debts in full and were assessed <u>*both*</u> compounded interest <u>*and*</u> collection fees (Group 1); (ii) 16,780 class members have paid their King County District Court debts in full and were assessed <u>*either*</u> compounded interest <u>*or*</u> collection fees (Group 2); and (iii) 33,964 class members have paid their Tacoma Municipal Court debts in full and were assessed only collection fees (Group 3). The proposed settlement

MINUTE ORDER - 1

envisions that class members who "opt in" will receive up to one of three different amounts, namely a maximum of $180 for Group 1, a maximum of $90 for Group 2, and a maximum of $15 for Group 3, but that their recovery will be reduced *pro rata* if the settlement funds are insufficient to pay the full amount to each class member who returns a claim form. No minimum amount is indicated. The amount that TSI has agreed to pay in settlement is $1.7 million, of which (i) plaintiff's counsel seeks $510,000 in attorney's fees and $20,000 in costs, (ii) plaintiff seeks an incentive award of $20,000, and (iii) the proposed settlement administrator seeks between $93,000 and $142,500 for its services, leaving a balance of between $1,057,000 and $1,007,500. If 100% of the "paid in full" class members "opted in," the funds needed to pay each class member the maximum award would be $4,397,820,[1] or more than four times the amount expected to be available. The parties have offered no estimate concerning the return rate for "opt in" forms, and they have not explained how the *pro rata* shares would be calculated if the settlement funds are insufficient to pay all claims. No class member receiving notice of this settlement could understand how much he or she should anticipate actually receiving or intelligently decide whether to "opt in," opt out, object, or take no action. Because the latter "do nothing" option would bind the class member without providing him or her any benefit from the settlement, the Court has significant concerns about the "opt in" approach, which are heightened by the complexity of the settlement terms, the minimal notice (via postcard) that the parties propose to give, and the requirement that 75% of any settlement funds remaining after disbursements will revert back to TSI, *see* Ex. 1 to Berger Decl. (docket no. 83-1 at 10), which operates as an incentive to minimize the number of class members who "opt in." The Court does not share the parties' apprehension about sending checks to class members in the absence of "opt in" forms because any notices that are mailed to invalid addresses should be returned as undeliverable in advance of any distribution of settlement funds, and the settlement administrator can then make the appropriate adjustments. Thus, the Court does not believe that "opt in" forms are necessary, and it sees no reason why any portion of the settlement fund should revert back to TSI.

(b) "No Pay or Partial Pay" Class: The parties have indicated that the number of class members with open accounts relating to King County District Court debts is "hundreds of thousands." Pla.'s Mot. at 9 (docket no. 82). They have not provided any estimate concerning the number of class members with open accounts relating to Tacoma Municipal Court debts. *See id.*; *see also* Ex. 1

---

[1] The funds needed to pay each "paid in full" class member the maximum award is calculated as follows:

| | | | | |
|---|---|---|---|---|
| Group 1 | 13,212 | X | $180 | $2,378,160 |
| Group 2 | 16,780 | X | $90 | $1,510,200 |
| Group 3 | 33,964 | X | $15 | $ 509,460 |
| | | | | $4,397,820 |

MINUTE ORDER - 2

to Berger Decl. (docket no. 83-1 at 5-6 & 9).  With regard to "no pay or partial pay" class members, the settlement agreement contemplates that TSI will adjust the balances of class members with open accounts relating to King County District Court debts "to remove any overcharges" and will also "apply an aggregate credit of $1,250,000 ($1.25 million) on the unpaid collection fees on the accounts." *Id.* (docket no. 83-1 at 9).  No similar adjustments or credits are required with respect to open accounts relating to Tacoma Municipal Court debts.  *See id.* The parties have provided no information concerning how the aggregate credit of $1.25 million was calculated or how it compares with the total amount of allegedly improper compounded interest and collection fees relating to King County District Court debts.  In addition, the parties have not explained what benefits, if any, class members with open accounts relating to Tacoma Municipal Court debts would receive from the proposed settlement.  Finally, the parties have provided no basis for treating the "no pay or partial pay" class as a Rule 23(b)(2), rather than a Rule 23(b)(3), class, and they have not explained why "no pay or partial pay" class members should not receive notice before having their claims against TSI fully and forever barred without any opportunity to opt out or object.

(2) Any renewed motion for preliminary approval of a class action settlement shall be filed within seventy (70) days of the date of this Minute Order.  If a renewed motion is not timely filed, the parties shall file a Joint Status Report by the same deadline (within seventy (70) days of the date of this Minute Order) indicating what discovery, if any, remains to be completed, and when the parties anticipate being prepared for trial.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of August, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3