
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

DANA SYRIA, individually and on behalf of all others similarly situated,

        Plaintiff-Appellant,

v.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.; TRANSWORLD SYSTEMS, INC.,

        Defendants-Appellees.

</td><td>

No.   18-35678

D.C. No. 2:17-cv-01139-TSZ

MEMORANDUM*

</td></tr>
</table>

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted May 14, 2019
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and BENNETT, Circuit Judges.

Dana Syria ("Syria") appeals the denial of her motion to remand and the

adverse grant of summary judgment on her Washington Consumer Protection Act

("CPA"), Wash. Rev. Code § 19.86 *et seq.*, claims. We have jurisdiction under 28

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

U.S.C. §§ 1291 and 1453(c).  We review de novo, *Roth v. CHA Hollywood Medical Center, L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013); *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and affirm.

1.  There was no error in denying Syria's motion to remand.  The court did not abuse its discretion by striking documents that Syria failed to rely upon in her motion.  *See Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) ("A district court's grant of a motion to strike is reviewed for an abuse of discretion.").  Syria did not bring to the court's attention any other documents that triggered 28 U.S.C. § 1446(b)(3)'s removal clock.

2.  There was no error in granting AllianceOne Receivables Management, Inc.'s ("ARMI") motion for summary judgment.  With regard to Syria's per se CPA claim, even assuming her legal financial obligation constitutes a "claim" under the Washington Collection Agencies Act, Wash. Rev. Code § 19.16.100 *et seq.*, the challenged transaction fee is expressly authorized by Wash. Rev. Code § 3.02.045(1).  With regard to Syria's stand-alone CPA claim, it was not unfair or deceptive for ARMI to charge the transaction fee where it informed Syria of the fee and offered her reasonable alternative payment options free of charge.  *See Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 368 (Wash. Ct. App. 2017) (an act or practice is not unfair under the CPA if the consumer can avoid the injury).

3. Syria's motion to certify questions to the Washington Supreme Court is denied.

**AFFIRMED.**